1  ADAM WANG, Bar No. 201233
   ADAM PEDERSEN, Bar No. 261901
2  LAW OFFICES OF ADAM WANG
   12 S First Street, Suite 708
3  San Jose, CA 95113
   Tel:  408-292-1040
4  Fax:   408-416-0248

5  Attorney for Plaintiffs
   Luis Sandoval, Israel Rodriguez and Ricardo Jimenez
6

7              UNITED STATES FEDERAL COURT
              NORTHERN DISTRICT OF CALIFORNIA
8                  SAN JOSE DIVISION

9  | LUIS SANDOVAL, ISRAEL RODRIGUEZ, | Case No.: C09-4969 HRL |
   | RICARDO JIMENEZ CESAR MARTINEZ, in | |
10 | behalf of themselves and similarly situated, | FIRST AMENDED COMPLAINT FOR: |
   | | 1) Violation of California Labor Code Section 510; |
11 | Plaintiffs, | 2) Violations of the Federal Fair Labor Standards Act; |
   | | 3) Violation of California Labor Code Section 201; |
12 | vs. | 4) Violation of California Business and Professions Code Section 17200; and |
13 | AB LANDSCAPING, INC. AND VICTOR | 5) Violation of California Labor Code Section 226; |
   | ARELLANO, | 6) California Labor Code Private Attorney General's Act, § 2698, *et seq.* |
14 | | |
   | Defendants | |
15

16

17  Plaintiffs, Luis Sandoval, Israel Rodriguez, Ricardo Jimenez, and Cesar Martine allege as

18  follows:

19                          **NATURE OF CLAIM**

20   1.  This is an action on behalf of Luis Sandoval, Israel Rodriguez, Ricardo Jimenez, Cesar

21       Martinez and those similarly situated, who ere employed on hourly basis by Defendants,

22       AB LANDSCAPING, INC. during the relevant time period, seeking damages arising

23       from their employer's failure to pay overtime as required by the Fair Labor Standards Act

24       and the California Wage Orders and statutes. Plaintiffs seek compensatory damages for

25       unpaid wages under California Labor Code and Wage Orders, liquidated damages under

.

29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## PARTIES

2. At all times relevant herein, Plaintiffs resided in Santa Clara County California.

3. At all times relevant herein, Defendant AB LANDSCAPING, INC. is a Corporation in the state of California with its primary place of business in San Jose.

4. Individual Defendant Victor Arellano at all times relevant herein was, according to information and belief, owners, managers, directors, associates, related to, or employees of AB LANDSCAPING, INC. having control over the Plaintiffs' and other hourly employees' work conditions and work situations.

5. Plaintiffs bring this action on behalf of other hourly employees who were employed by AB LANDSCAPING, INC. during the three years prior to the filing of this Complaint pursuant to 29 U.S.C. § 216(c).

## JURISDICTION

6. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1331 as Plaintiffs' charges are based on, in part, the Federal Fair Labor Standards Act, as well as the pendant jurisdiction of this court under 28 U.S.C. 1367.

## VENUE / INTRADISTRICT ASSIGNMENT

7. This District is the proper venue and the San Jose of this District is proper for this action as a substantial part, if not all, of the events giving rise to this action have occurred in Santa Clara, a county served by this Division of the Court.

1

2

3

**GENERAL ALLEGATIONS**

4

8.  For certain periods, to be determined at trial, during the four years prior to the filing of

5       this action, Plaintiffs and worked at AB LANDSCAPING, INC. a

6       landscaping/construction business operating out of San Jose.

7   9.  At all times relevant to this action and according to information and belief, Defendant AB

8       Landscaping Inc. willingly employed Plaintiffs and other hourly employees who at all

9       times acted in the normal course and scope of their employment.

10  10. During the course of their employment with Defendant AB Landscaping Inc., Plaintiffs

11      and other hourly employees regularly worked in excess of 8 hours per day and more than

12      40 hours per week.

13  11. Defendants paid Plaintiffs and other hourly employees on hourly basis.

14  12. Plaintiffs' and other hourly employees job duties did not require performance of

15      "exempt" duties with Defendant AB Landscaping Inc.  and thus did not subject Plaintiffs

16      and other hourly employees to any exemption under the Fair Labor Standards Act. The

17      Plaintiffs and other hourly employees did not have even marginal responsibility for

18      management or administrative functions, and performance of Plaintiffs' and other hourly

19      employees' primary job duties did not require the exercise of independent discretion and

20      judgment or regularly require invention or imagination in a recognized field of artistic

21      endeavor more than fifty percent of their  working time.

22  **13.** At no time during the their employment did Plaintiffs and other hourly employees

23      maintain any professional license with the state or practice any recognized profession,

24      nor did Plaintiffs exclusively manage any division of Defendants where they customarily

25      and regularly exercised discretionary powers or perform services of management.

.

**FIRST AMENDED COMPLAINT**
<u>Sandoval, et al. V. AB Landscaping, et al.</u> 3                       Case No. C09-4969 HRL

Plaintiffs and other hourly employees did not directly supervise any employees nor did they participate in the development of general administrative policies of Defendants.

## COUNT ONE

## VIOLATION OF CA LABOR CODE SECTION §510

## FAILURE TO PROPERLY PAY OVERTIME WAGES

14. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully stated herein.

15. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by AB LANDSCAPING, INC., provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

16. During the course of employment with AB LANDSCAPING, INC., Plaintiffs regularly worked in excess of 8 hours a day and 40 hours per week, however the Defendants knowingly and willingly failed to pay Plaintiffs overtime wages as required by law.

17. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

18. Defendant AB Landscaping Inc. therefore owe Plaintiffs overtime wages not properly paid to Plaintiffs in amounts to be determined at trial.

19. Defendant AB Landscaping Inc. continues to fail and refuse to pay Plaintiffs the amounts owed.

20. Defendant AB Landscaping Inc.'s failure to pay Plaintiffs the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

21. Pursuant to Labor Code Section 1194(a), Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

**COUNT TWO**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**FAILURE TO PROPERLY PAY OVERTIME WAGES**

22. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully stated herein.

23. At all relevant times herein, Plaintiffs' and other hourly employees' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs and other hourly employees were individual employees covered under FLSA by the virtue of their employment with Defendant AB landscaping Inc. who was, at all times relevant, an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s), because (i) AB Landscaping Inc., together with other related activities performed for a common business purpose, either through unified operation or common control, has attained an annual gross income of $500,000 or more during the 3 years prior to the filing of Complaint in this case; and (ii) it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

24. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

25. Although not so exempt during employment with Defendants, Defendants knowingly caused and permitted Plaintiffs and other hourly employees to regularly work in excess of forty hours per week without paying Plaintiffs and other hourly employees one and one half of their regular rate of pay.

26. Individual Defendant Victor Arellano of Plaintiff and other hourly employees as defined in FLSA.

---

27. By not paying overtime wages in compliance with the FLSA, Defendants AB Landscaping Inc. and Victor Arellano violated Plaintiffs' rights under the FLSA.

28. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

29. Defendants intentionally, with reckless disregard for the responsibilities imposed by the FLSA, and without good cause, failed to pay Plaintiffs and other hourly employees proper wages, and thus making Defendants liable to Plaintiffs and other hourly employees for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

30. Defendants therefore must pay to Plaintiffs and other hourly employees overtime amounts heretofore not properly paid, in an amount to be determined at trial.

31. It was essential for Plaintiffs to retain legal assistance in order to bring this action and, as such, Plaintiffs should be awarded reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COUNT THREE

## VIOLATION OF CA LABOR CODE SECTION 201

## FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

32. Plaintiffs re-allege and incorporate the allegations of all Preceding paragraphs as if fully stated herein.

33. At the time Plaintiffs' employment with AB LANDSCAPING, INC. was terminated, Defendants owed Plaintiffs certain unpaid overtime wages in amounts to be determined at trial.

34. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

35. As of this date, Defendant AB Landscaping Inc. continually failed and refused, to pay the amount due, thus making it liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

**COUNT FOUR**

**UNFAIR BUSINESS PRACTICES**

**BUSINESS AND PROFESSIONS CODE SECTION 17200**

36. Plaintiffs re-allege and incorporate the allegations of all preceding paragraphs as if fully stated herein.

37. At all times relevant herein, Plaintiffs' employment with AB LANDSCAPING, INC. was subject to the FLSA, California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by law.

38. At all times relevant herein, as the employer of Plaintiffs, Defendant AB Landscaping Inc.'s business operations were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs overtime wages as required by applicable California Labor Code and applicable Wage Orders, as alleged above.

39. During the period of Plaintiffs' employment with Defendant AB Landscaping Inc., Defendant AB Landscaping Inc., and individual Defendant Victor Arellano, to the extent F:SA applies, failed, as alleged above, to pay Plaintiffs legally required overtime wages to which they were legally entitled, with Defendants unjustly retaining the amounts that should have been paid to Plaintiffs.

40. In doing so, Defendants violated the FLSA, California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by

.

**FIRST AMENDED COMPLAINT**

Sandoval, et al. V. AB Landscaping, et al. 7                               Case No. C09-4969 HRL

applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses who are and/or were competitors of Defendants.

41. As a direct and proximate result of violations of applicable state and federal labor laws, as alleged above, by Defendant AB Landscaping Inc., and individual Defendant Victor Arellano, to the extent FLSA applies, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in amounts to be determined at trial.

42. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs wages due.

43. Plaintiffs having been illegally deprived of the overtime pay to which they were legally entitled, to the extent respective wage claims apply to each Defendant, each Defendant should make restitution of such wages pursuant to the Business and Professions Code §17203 in respective amounts to be determined at trial.

**COUNT FIVE**

**VIOLATION OF CALIFORNIA LABOR CODE SECTION 226**

**INADEQUATE PAY STATEMENTS**

44. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-47 as if fully stated herein.

45. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages

.

earned, the dates for which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

46. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

47. During the course of Plaintiffs' employment, Defendant AB Landscaping Inc. consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code §226.

48. Defendant AB Landscaping Inc. failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

49. Defendant AB Landscaping Inc.'s failure to provide such adequate statements has caused injury to the Plaintiffs.

50. Plaintiffs may therefore recover the greater of actual damages or penalties due to Defendant AB Landscaping Inc.'s failure to provide proper records, in an amount to be determined at trial.

51. Plaintiffs incurred costs and fees in bringing this action, and such costs should be awarded to Plaintiffs under California Labor Code §226.

## COUNT SIX

## CIVIL PENALTIES

## CALIFORNIA LABOR CODE PRIVATE ATTORNEY GENERAL'S ACT

52. Plaintiffs re-allege and incorporate the allegations of all preceding paragraphs as if fully stated herein.

53. If an employer fails to pay its employees overtime in violation of Labor Code § 510, California Labor Code § 558(a) imposes civil penalties that equals to a sum of $50.00 for

.

initial violation, and $100 for subsequent violations per employee per pay period in

which violation occurred and the amount wages unpaid.  By failing to pay Plaintiff and

other hourly employees all hourly wages and overtime pay in violation of Labor Code §

510, Defendant AB LANDSCAPING INC. and individual VICTOR ARELLANO who,

acting on behalf of the Defendant AB LANDSCAPING INC., has caused the said

violation, are responsible to Plaintiff and other hourly employees for assessments

prescribed and hourly wage and overtime owed under § 558.

54. California Labor Code § 226 requires employer to provide employees with an accurate

itemized statement of pay each pay period.  § 226.3 imposes a civil penalty of $250 per

employee for the initial citation and $1,000.00 per employee for a subsequent citation of

not providing wage stubs that are compliant with Labor Code § 226(a).   By failing to

provide employees with accurate and complete wage statements as required by § 226,

Defendant AB LANDSCAPING INC.  is liable to Plaintiffs and other hourly employees

for the penalties assessed under § 226.3.

55. California Labor Code §§ 201 and 202 require employer to promptly pay employees all

wages earned no later than 72 hours after the termination of the employment.  Failure to

do so would subject the employer to the penalty of up to 30 days' wage under Labor

Code § 203.  By failing to pay employees all wage earned with the statutory time to

employees whose employment had terminated, Defendant AB Landscaping Inc. is

responsible for penalties assed under Labor Code § 203.

56. Pursuant to California Labor Code § 2699.3(a)(1) and (c)(1), Plaintiffs, on October 14,

2010, gave a written notice by certified mail to California Labor and Workforce

Development Agency and Defendants alleging the violations of California Labor Code

§§ 510, 201, 202 and 226, including the facts and theories that support the alleged

violations.

.

**FIRST AMENDED COMPLAINT**
<u>Sandoval, et al. V. AB Landscaping, et al.</u> 10                              Case No. C09-4969 HRL

57. On December 8, 2009, California Labor and Workforce Development Agency issued a letter indicating that the agency does not intend to investigate into the alleged violations by Defendants.

58. Having satisfied the requirements of California Labor Code § 2699.3(a), pursuant to California Labor Code § 2699, Plaintiffs, on behalf of themselves and other hourly employees, hereby seeks all penalties provided by California Labor Code §§ 588, 203 and 226.3, in respective amounts to be proved at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

59. Unpaid overtime wages in amounts to be determined at trial;

60. For liquidated damages per FLSA equal to unpaid overtime wages in amounts to be determined at trial;

61. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in amounts to be determined at trial;

62. For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in an amount to be determined at trial;

63. Damages and penalties for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

64. Appropriate civil penalties pursuant to Labor Code Private Attorney General's Act, § 2698, *et seq*.

65. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

66. Plaintiffs ask the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a), § 2699(g) and 29 U.S.C. §216(b) of the FLSA;

67. For costs of suit herein; and

.

**FIRST AMENDED COMPLAINT**
<u>Sandoval, et al. V. AB Landscaping, et al.</u> 11                    Case No. C09-4969 HRL

1    68. For such other and further relief as the Court may deem appropriate.

2

3

4

5        Dated:  April 20, 2010            By:    /s/Adam Wang
                                                   Adam Wang
6                                                  Law Office of Adam Wang
                                                   Attorneys for Plaintiffs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

.

**FIRST AMENDED COMPLAINT**
<u>Sandoval, et al. V. AB Landscaping, et al.</u> 12              Case No. C09-4969 HRL

## CONSENT

I, the undersigned, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, to recover any unpaid minimum wages, overtime, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with AB LANDSCAPING and any other associated parties.

I authorize The Law Office of Adam Wang and associated attorneys as well as any successors or assigns, to represent me in such action.


Dated:  August 5, 2009                    By:    _____
                                                  RICARDO JIMENEZ

## CONSENT

I, the undersigned, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,* to recover any unpaid minimum wages, overtime, liquidated damages, attorneys' fees, costs and other relief arising out of my employment _AB Landscaping Inc_ and any other associated parties.

I authorize The Law Office of Adam Wang and associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 8-3-09      By: _Luis Sandoval_

## CONSENT

I, the undersigned, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,* to recover any unpaid minimum wages, overtime, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with AB LANDSCAPING and any other associated parties.

I authorize The Law Office of Adam Wang and associated attorneys as well as any successors or assigns, to represent me in such action.

Dated:  August 5, 2009                       By:  _____
                                                   ISRAEL RODRIGUEZ

## CONSENT

I, the undersigned, hereby consent to be a plaintiff in an action under the Fair

Labor Standards Act, 29 U.S.C. §201 *et seq.,* to recover any unpaid minimum wages,

overtime, liquidated damages, attorneys' fees, costs and other relief arising out of my

employment with A B Landscaping and any other associated parties.

I authorize The Law Office of Adam Wang and associated attorneys as well as

any successors or assigns, to represent me in such action.

Dated: 2-2-10        By: Cesar Martinez

Case5:09-cv-04969-HRL Document11 Filed04/26/10 Page17 of 17



C A L I F O R N I A
# Labor & Workforce Development Agency

**Governor**
Arnold
Schwarzenegger

**Acting Secretary**
Douglas Hoffner

Agricultural
Labor
Relations
Board

California
Business
Investment
Services

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

December 08, 2009                                        **CERTIFIED MAIL**

Law Offices of Adam Wang
12 South First Street, Suite 708
San Jose, CA 95113

RE: Employer:       AB Landscaping, Inc.; Victor Arellano
RE: Employee(s): Luis Sandoval, Israel Rodriguez and Ricardo Jimenez
RE: LWDA  No:    5361

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked October 14, 2009, and after review,
does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "…civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code." Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

Robert A. Jones

Robert Jones
Deputy Secretary, Special Counsel

Cc:   AB Landscaping, Inc.; Victor Arellano
      219 Cherry Ct.
      San Jose, CA 95119