**\*\* E-filed March 29, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUIS SANDOVAL, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>AB LANDSCAPING, INC., et al.,<br><br>    Defendants. | No. C09-04969 HRL<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**<br><br>**[Re: Docket No. 50]** |

At the February 22, 2011 pretrial conference, the parties informed the Court that this putative wage-and-hour class action has settled as to three of the four named plaintiffs (Luis Sandoval, Israel Rodriguez, and Cesar Martinez) and the purported class members. The remaining named plaintiff, Ricardo Jimenez, refuses to settle, so the parties came to no agreement as to him. Jimenez's counsel, Adam Wang, represented that the relationship between him and his counsel had become irreparably damaged.

Thereafter, Wang filed a motion for leave to withdraw as Jimenez's attorney. Docket No. 50 ("Motion"). The motion was served on Jimenez, and Defendants' counsel received electronic notification of it through the Court's ECF system. Docket No. 50-2 ("Proof of Service"). Jimenez has not filed any opposition.

Under this District's civil local rules, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L. R. 11-5(a). Moreover, "[w]hen

1  withdrawal by an attorney from an action is not accompanied by simultaneous appearance of
2  substitute counsel or agreement of the party to appear *pro se*, leave to withdraw may be subject to
3  the condition that papers may continue to be served on counsel for forwarding purposes . . . , unless
4  and until the client appears by other counsel or *pro se*. When this condition is imposed, counsel
5  must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under
6  these circumstances must include acknowledgment of this condition." Civ. L. R. 11-5(b).

7  Based on Wang's motion and declaration in support, the Court finds that the relationship
8  between Wang and Jimenez has deteriorated to the point that Wang cannot effectively represent his
9  client. Moreover, all parties — including Jimenez — received written notice of Wang's motion.

10  Accordingly, the Court GRANTS Wang's motion for leave to withdraw.[1] However, since
11  Wang makes no mention of the simultaneous appearance of substitute counsel or Jimenez's
12  agreement to appear *pro se*, the withdrawal is subject to the condition that papers may continue to
13  be served on Wang for forwarding purposes unless and until Jimenez either engages new counsel or
14  agrees to represent himself *pro se*. Wang shall notify Jimenez of this condition. A new trial date will
15  be set upon the resolution of Jimenez's legal representation.

17  **IT IS SO ORDERED.**

18  Dated: March 29, 2011

19  HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the April 5, 2011 hearing is vacated.

2

**C09-04969 HRL Notice will be electronically mailed to:**

Adam Wang          adamqwang@gmail.com, alpedersen@gmail.com, rosilenda@gmail.com
Adam Lee Pedersen  alpedersen@gmail.com
Roger Mark Mason   rmason@smwb.com, chilton@smwb.com

**Notice will be provided by other means to:**

Ricardo Jimenez
2490 Samaria Pl.
San Jose, California 95111

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California

3