**\*\* E-filed September 14, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUIS SANDOVAL; ISREAL RODRIGUEZ; CESAR MARTINEZ, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br>  v.<br><br>AB LANDSCAPING, INC., et al.,<br><br>               Defendants. | No. C09-04969 HRL<br><br>**ORDER CERTIFYING TENTATIVE SETTLEMENT CLASS, PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPROVING AND DIRECTING THE NOTICE PLAN, APPOINTING CLASS COUNSEL, AND APPOINTING SETTLEMENT ADMINISTRATOR**<br><br>**[Re: Docket No. 59]** |

Luis Sandoval ("Sandoval"), Israel Rodriguez ("Rodriguez"), and Cesar Martinez ("Martinez") (collectively, "Named Plaintiffs" or "Class Representatives") and AB Landscaping, Inc. ("AB Landscaping") and Victor Arellano ("Arellano") (collectively, "Defendants") have entered into a Joint Stipulation of Settlement and Release to settle and dismiss the above-captioned lawsuit (the "Lawsuit") on a class-action basis and have filed a joint motion for an order provisionally certifying the settlement class and preliminarily approving their settlement, approving and directing their notice of settlement, and setting a schedule for the final settlement approval process. Docket No. 59 ("Joint Motion"); Docket No. 60-1 ("Settlement Agreement").

After consideration of the parties' Settlement Agreement and their Joint Motion, and after several hearings and interim orders, the Court GRANTS the motion.

NOW, THEREFORE IT IS HEREBY ORDERED:

1. Jurisdiction

This Court has jurisdiction over the subject matter of this Lawsuit and over all settling parties hereto.

2. Preliminary Approval of Proposed Settlement

This Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement and in the Notice of Class Action Settlement and Settlement Hearing, Claim Form, and Opt-In Form (collectively, the "Notice and Claims Process Documents"), is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the plaintiffs' case; the complexity, expense, and probable duration of further litigation; and the risk and delay inherent in possible appeals. This Court finds that the Settlement Agreement and the Notice and Claims Process Documents are sufficient to warrant notice of the settlement to Class Members and a full hearing on the approval of the settlement. THE COURT REQUIRES THE NOTICE AND CLAIMS PROCESS DOCUMENTS TO BE TRANSLATED INTO SPANISH, AND THAT BOTH ENGLISH AND SPANISH VERSIONS BE SENT TO EACH CLASS MEMBER.

3. Class Members

"Class Members" or "Settlement Class" shall mean and refer to employees of Defendants who were employed on an hourly basis between October 20, 2005 and April 1, 2011. The Class Members are identified in Exhibit 1 to the parties' Settlement Agreement.

4. Class Representatives

Named Plaintiffs Luis Sandoval, Israel Rodriguez, and Cesar Martinez are designated as the Class Representatives for the tentative Settlement Class.

5. Class Counsel

Having considered the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class, the following attorney is appointed Class Counsel under Rule 23(g)(1)(B) and (C):

Adam Wang
Law Offices of Adam Wang
12 South First Street, Suite 708
San Jose, California 95113
Tel: (408) 292-1040
Email: adamqwang@gmail.com

The foregoing certification of a tentative settlement class is conditional and without prejudice to Defendants' rights to later oppose class certification for trial purposes if the proposed settlement is terminated or not finally approved.

6. <u>Notice and Claims Processes</u>

This Court approves the form and substance of the proposed notice procedures set forth in the Notice and Claims Process Documents, all three of which are attached to this order. **To the extent that the notice and claims processes set forth in the Notice and Claims Process Documents differ from those set forth in the Settlement Agreement, the processes set forth in the Notice and Claims Process Documents shall apply.**

7. <u>Class Certification</u>

The parties have jointly moved the Court to resolve this case as a tentative settlement class. In order to certify a settlement class, the requirements of Rule 23 must generally be satisfied. See <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1019 (9th Cir. 1998) (citing <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 613 (1997)). However, in assessing the Rule 23 requirements, the Court may consider that there will be no trial. <u>Amchem</u>, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").

This Court concludes that the requirements of Rule 23(a) are met. The tentative Settlement Class, which is estimated to include approximately 68 individuals, meets the numerosity requirement, as joinder of all members would be impractical. The commonality requirement of Rule 23(a) is also met, because there are questions of law or fact common to the class, and the typicality requirement is met because the Named Plaintiffs' claims are typical of the class.

This Court further holds that Named Plaintiffs are adequate Class Representatives under Rule 23(a)(4). In determining that they are adequate representatives, the Court has considered: (1)

whether the Named Plaintiffs and their counsel have any conflict of interest with other class members; and (2) whether the Named Plaintiffs and their counsel will prosecute the action vigorously on behalf of the class. Hanlon, 150 F.3d at 1020.

The Court finds that Named Plaintiffs and their counsel do not have conflicts of interest with other class members that would defeat adequacy of representation in the context of the proposed Settlement Class and the notice to be provided. Each Class Member will receive a fixed sum that represents all of his unpaid overtime worked, and members who opt-in to settle their FLSA claims will receive a pro rata share of the residual settlement fund for their liquidated damages and penalties available to them. See Hanlon, 150 F.3d at 1021 (adequacy was met when the settlement was "narrowly circumscribed" and each class member was treated identically; "[g]iven these careful precautions and safeguards, no improper conflict of interest existed").

Furthermore, Named Plaintiffs and their counsel have shown appropriate vigor in prosecution of the class claims. Named Plaintiffs' counsel has declared that he conducted the initial factual investigation and engaged in several mediation sessions on behalf of the class. See Docket No. 60 ("Wang Decl."). Named Plaintiffs' counsel also has sufficiently shown that he is qualified to litigate this action and is experienced in numerous wage-and-hour class actions. See id. Accordingly, the Court is satisfied that Named Plaintiffs and their counsel are adequate representatives of the tentative Settlement Class under Rule 23(a)(4). See Hanlon, 150 F.3d at 1022 (finding "counsel's prosecution of the case sufficiently vigorous to satisfy any Rule 23(a)(4) concerns").

With respect to Rule 23(b)(3), the requirements of predominance and superiority are intended to cover cases "'in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" Amchem, 521 U.S. at 615. The Court holds that, for the tentative settlement class, common questions predominate over individualized issues.

This Court also holds that the tentative Settlement Class is superior to individual lawsuits. Any concern that aggregation of claims for trial could bring about the undesirable result of damages

1 disproportionate to Defendants' conduct simply is not applicable here in the context of the proposed
2 Settlement Class, where the relief is agreed upon and no trial will occur. See <u>Amchem</u>, 521 U.S. at
3 619-20. Consequently, the Court finds that the requirements of Rule 23(b)(3) are met by the
4 proposed settlement class action.

  8. <u>Final Fairness Hearing</u>

A Final Fairness Hearing shall be held before the undersigned on **February 28, 2012 at 10:00 a.m.** in the United States District Court for the Northern District of California, San Jose Division, Courtroom 2, 280 South 1st Street, San Jose, California, on the fairness, reasonableness, and adequacy of the proposed settlement set forth in the Settlement Agreement and the Notice and Claims Process Documents and on the request of Class Counsel for attorney fees and costs. Class Members who have not excluded themselves from the class but who have timely filed a proper written objection and complies with the other requirements set forth in the Notice and this order may appear at the Final Fairness Hearing in person or by counsel and be heard. The Court will consider any properly filed written objections.

If any Class Member intends to be represented by his or her own counsel at the Final Fairness Hearing to make an objection, statement, or file a Motion to Intervene, such counsel must file a written notice of appearance with the Clerk of the Court by **January 27, 2012**.

Counsel are directed to file any remaining briefs in support of the proposed settlement by February 7, 2012. Class counsel is directed to file any material in support of its fee position by **January 27, 2012**.

If final approval of the proposed settlement class action as provided in the Settlement Agreement is granted by the Court, the parties shall submit a proposed Final Order and Judgment for the Court's approval as described in the Settlement Agreement.

If final approval of the proposed settlement class action as provided in the Settlement Agreement is denied by the Court, or if the Settlement Agreement is otherwise terminated for any reason, then, in either of such events: (1) the class-certification portions of the Settlement Agreement shall have no further force and effect with respect to any party to the Lawsuit and shall not be offered in evidence or used in the Lawsuit or any other proceeding; (2) counsel for the parties

**United States District Court**
For the Northern District of California

shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Settlement Agreement set aside, withdrawn, and stricken from the record; (3) the Settlement Agreement, and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition or law; and (4) all parties to the Lawsuit shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

If the class action settlement is terminated or not approved, the Settlement Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice as to the rights of any and all parties thereto, who shall be restored to their respective procedural positions existing before the date of any settlement agreement.

The Court may: (1) approve the Settlement Agreement with such modifications as may be agreed to by the parties, without further notice; and (2) adjourn the aforesaid Final Fairness Hearing from time to time, by oral announcement at the February 28, 2012 hearing without further notice.

**IT IS SO ORDERED.**

Dated: September 14, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C09-04969 HRL** N**otice will be electronically mailed to:**

| | |
|---|---|
| Adam Wang | adamqwang@gmail.com, alpedersen@gmail.com, rosilenda@gmail.com |
| Adam Lee Pedersen | alpedersen@gmail.com |
| Roger Mark Mason | rmason@smwb.com, chilton@smwb.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**